IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.                                                    CASE NO. 4:02-cr-00029-SPM

DONALD SHANE CHANDLER,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Doc. 133, Amended Motion to Vacate under 28 U.S.C.

§ 2255, filed by Donald Shane Chandler. [1] The Government has filed its response, Doc. 126, and

Defendant has filed his reply.  Doc. 129.  This cause is therefore in a posture for decision.

Having carefully considered the matter, the Court recommends that the amended  motion to

vacate be denied.

## BACKGROUND

        The defendant, Donald Shane Chandler, was indicted with two others for conspiracy to

manufacture, distribute, and possess with intent to distribute more than 50 grams of a mixture

and substance containing methamphetamine and for possession with intent to distribute a

mixture and substance containing methamphetamine, its salts, isomers, and salts of its isomers.

_____

        [1]The Court only recently directed the actual filing of the amended motion to vacate so
that the record would be clear as to the claims before the Court.  Doc. 132.  *See* N.D. Fla. Loc. R.
15.1 (matters not set forth in amended pleading are deemed abandoned).

Doc. 1.  On July 3, 2002, Defendant pled guilty to Count One, the conspiracy count, but "without a specific amount of [drugs]" because the "lab results did not back up the indictment; that is, the lab results, much of what was seized turned out not to be drugs."  Doc. 88 at 11; Docs. 48-52. He was advised at that time that he was facing up to 20 years imprisonment.

In the Presentence Report (PSR), the probation officer calculated the drug quantity at 2.27 kilograms based on statements made by a co-defendant and the amounts from the controlled buy and the search incident to Defendant's arrest.  Presentence Report at 7.  This amount placed Defendant's base offense level at 34.  PSR at 8.  Eight additional points were added for possession of a firearm and for creating a substantial risk of harm to the life of a minor.  *Id*. at 9. He received a 3-point adjustment for acceptance of responsibility, and thus, his total offense level was 39.  *Id*.  The Guideline range was 262-327 months.  *Id*. at 14.

Counsel for Defendant objected to the drug quantity, arguing that Defendant "should only be held accountable for the amounts of methamphetamine/pseudoephedrine sold to the confidential informant and the amounts seized by law enforcement officers."  *Id*. at 17.  He also objected to the enhancement for the endangerment of the co-defendants' children.  *Id*.

A hearing was held before sentencing, and after the testimony of the co-defendant established that the conspiracy started in December, 2001, rather than in 1999, the Government lowered its drug calculation to 448 grams,[2] thereby placing Defendant's base offense level at 30. Doc. 89 at 35-36.  With the enhancements for the firearm and the endangerment to the children

---

[2]The co-defendant testified that between Christmas, 2001, and when the defendants were arrested, he and Defendant cooked 32-34, one-half  to one ounce batches.  The Government based its calculation on 16 ounces of methamphetamine having been cooked in that 16-week period.

and the credit for acceptance of responsibility, the total offense level was 35 with a sentencing

range of 168-210 months.  *Id*. at 36.  After hearing argument from Defendant's counsel, the

Court found:

> Based on the testimony given today, which I find to be credible, the defendant is
> accountable for approximately 448 grams, which places him at a base level
> offense of 30.  This reduced drug weight is a conservative estimate of the amount
> of drugs involved in this offense.
>
> Giving the defendant every benefit of the doubt, I find that the enhancement for
> endangerment of minors and for the firearm is appropriate, raising the defendant's
> offense level to 38.  With a three-point reduction for acceptance of responsibility,
> defendant's total offense level is 35, placing him in a guideline range of 168 to
> 210 months.

*Id*. at 38.

The Court then sentenced Defendant to 189 months imprisonment, which was in the

"middle of the guideline range." *Id*. at 39; Docs. 76 & 80.  He  appealed, arguing that the Court

"erroneously applied a sentencing enhancement for creating a risk of substantial harm to minors"

and violated his due process rights "by imposing a sentence based on a drug quantity finding

higher than that agreed to by the government in the plea agreement."  Doc. 116.  The Eleventh

Circuit rejected these arguments and affirmed.  *Id*.  In part, the court found that the Court did not

violate his due process rights since, although the Plea Agreement contained a promise that

Defendant would plead guilty only to an indeterminate amount of methamphetamine less than 50

grams, there was "no promise, or reasonably inferable promise, that the government was

precluded from arguing that more drug should be attributed under § 1B1.3 (Relevant Conduct)

for sentencing purposes." *Id*. at 10.  His sentence was "squarely within the applicable sentence

guideline range and below the maximum penalty of the offense, as the plea agreement

promised." *Id*.

In the instant amended motion to vacate, Defendant raises the following grounds for

relief:

1.  There was insufficient evidence to support "multiple object conspiracy, nor a single continuing conspiracy with multiple objective purposes" prior to the dates in the Indictment;

2.  The indictment failed to charge Defendant with conspiring with co-defendants before January 1, 2002;

3.  The Government and the Court amended the Indictment to include drug quantities allegedly manufactured between 1999 and 2001 in Alabama and Tennessee;

4.  The Court lacked subject matter jurisdiction to enhance the sentence with drug quantities allegedly manufactured between 1999 and 2001 in Alabama and Tennessee in violation of the Fifth and Sixth Amendments;

5.  The jurisdictional claim must be decided under a plain error standard of review;

6.  The Court was required to inquire into its jurisdiction;

7.  Counsel was ineffective for not challenging the sufficiency of the evidence to support a "mutual or multiple object conspiracy" and to support a conspiracy of drugs manufactured in 1999 to 2001 in Alabama and Tennessee;

8.  Counsel was ineffective for assuming the conspiracy "back-dated to 1999," and he erred in failing to challenge the Court's amendment of the Indictment and its lack of jurisdiction to enhance his sentence based on drug quantities in Alabama and Tennessee;

9.  Appellate counsel was ineffective for failing to raise the issues about the amendment of the Indictment and the Court's lack of jurisdiction "to enhance the sentence for relevant conduct not charged in the indictment or

admitted to in the guilty plea";

10.    The Court violated Defendant's Fifth and Sixth Amendment rights when it
enhanced his sentence for possession of a firearm when he was not
charged with a § 924(c) violation;

11.     The Court violated Defendant's Fifth and Sixth Amendment rights by
enhancing his sentence for endangerment to minors when he was not
charged "for having explosive, poisonous, flammable and caustic material
chemicals in the presence of co-defendants'...children."

Doc. 133 at 2-3.  For purposes of discussion, Defendant has grouped the claims, and the Court

will consider them in that context.

I.    Claims 1 and 2.

These claims are based on a flawed premise, i.e., that Defendant was held accountable for

conduct occurring in Tennessee and Alabama between 1999 and 2001.  While the Court certainly

understands the genesis of that premise–the PSR plainly reflected as much–the Government

stepped back from that position at the sentencing hearing when the co-defendant clarified that

the conspiracy did not begin until December, 2001.  In the end, however, Defendant was not held

accountable for any conduct that occurred before the date in the Indictment.  The fact of the

matter is that he was held responsible for a drug conspiracy that lasted 16 weeks, and the time

charged in the Indictment covered a 17-week period.

II.    Claims 3 through 6.

These claims are based on the same faulty premise and Claims 1 and 2.  The Court would

add, however, that there was no constructive amendment of the indictment here, as the essential

elements of the offense charged in the indictment were not altered to broaden the possible bases

for conviction beyond what was contained in the indictment.  *United States v. Narog*, 372 F.3d

1243, 1247 (11th Cir. 2004). At most, Defendant was held accountable for drugs subsumed within relevant conduct for sentencing purposes as explained by the Eleventh Circuit, and this Court has no intention of reconsidering that conclusion. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001).

Furthermore, this Court plainly acted within its subject matter jurisdiction in this case, as it has original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231. "[I]llegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity." *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997). This constitutional authority includes Congress' right to make it a crime to "conspire or agree with someone else to do something which, if actually carried out, would be a violation of" 21 U.S.C. § 841. Offense Instructions 87, *Eleventh Circuit Pattern Jury Instructions–Criminal* (2003).

III.     Claims 7 through 9.

Because there is no merit to Defendant's challenges in Claims 1 through 6, neither trial nor appellate can be held to be ineffective for failing to raise meritless issues.

IV.     Claims 10 and 11.

The challenge to the enhancement for endangerment was raised on direct review and will not be reconsidered here. The enhancement for the firearm is the type of sentencing error that should have been raised on direct review but was not. In any event, the Court was well within its discretion to make the enhancement. "Once the prosecution has shown by a preponderance of the evidence that the firearm was present at the site of the charged conduct, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is

clearly improbable." *United States v. Hall,* 46 F.3d 62, 63 (11th Cir.1995).  The co-defendant

testified to the existence of a firearm in Defendant's possession during the course of the charged

conspiracy.  This is sufficient for the enhancement.

      V.     *Blakely/Booker.*

      Finally, to the extent that Defendant is asserting *Blakely/Booker* error, the argument is

not well taken, as neither applies to matters on collateral review.  *Varela v. United States*, 400

F.3d 864, 868 (11th Cir. 2005).

      In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's amended

motion to vacate, Doc. 133, be **DENIED**.

      **IN CHAMBERS** at Gainesville, Florida, this ___*21ˢᵗ*___ day of June, 2007.


                    *s/ A. KORNBLUM*_____
                    **ALLAN KORNBLUM**
                    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**